STATE *vs.* INTOXICATING LIQUORS, CHARLES E. BLACKWELL, claimant.

Penobscot, 1875.—January 1, 1876.

*Intoxicating liquors.   Constitutional law.*

Imported foreign liquors are liable to seizure and forfeiture under R. S., c. 27, while the importer retains possession thereof in the original package, but for the purpose and with the intent to break it and sell them in this state in quantities less than a package.

ON EXCEPTIONS.

LIBEL under the search and seizure statute ; and the controversy was about four cases of imported whisky.   It was admitted by the state, that, at the time of the seizure, they were in the original packages unbroken, as imported, and were lawfully imported by the claimant ; and were then in his possession, as his property; and had never been sold by him.

The claimant contended, that under these facts the liquors were not by law liable to forfeiture, whether he then had any intent to sell the same in any way in this state or not.

For the sake of presenting the question of law involved, to the full court, the justice presiding gave, among others, the following instructions to the jury.

If the liquors were of foreign manufacture and lawfully imported by Blackwell, the claimant, and were in the original and unbroken packages as imported when seized, still if Blackwell then had them in his possession for the purpose of breaking the packages and with the intent to sell them in quantities less than a package as imported, then the liquors would be liable to forfeiture.

And if in such case the intent was to sell them either in the imported package without breaking, or in quantities less than an imported package by breaking them, according as the claimant found a demand to sell them to customers in the one way or the other, then in such case the liquors would be liable to forfeiture.

To which rulings and instructions the claimant excepted.

*F. A. Wilson & C. F. Woodard*, for the claimant.

VIRGIN, J. Are imported foreign liquors liable to seizure and forfeiture under our statute while the importer retains possession thereof in the original package, but for the purpose and with the intent to break it and sell them in this state in quantities less than a package?

The claimant contends that this question must be answered in the negative by reason of the federal statute allowing their importation, and article X, amendments of the U. S. const.

But "the powers not delegated to the United States by the constitution, nor prohibited by it to the states, are reserved to the states" · · U. S. const., art. I, sect. 8, § 3. Among the delegated powers is that of "regulating commerce with foreign nations." art. X, *supra*.

By virtue of these provisions, the federal authority (so far as it is essential in the consideration of the present case) ceases with the "regulation of commerce with foreign nations," while at this point of termination of federal power, begins that of the state,

which never having been surrendered it may exercise in any manner deemed conducive to the best interests of its citizens.

The precise point at which the federal authority ceases and that of the state begins, has been defined in general terms by the supreme court of the United States. By these decisions it is declared that while a sale of the goods imported is the general object of importation, and the right of sale is an inseparable incident thereto, still this incidental right is limited to a sale by the importer himself, and in the original package. And when by any act of the importer the thing imported has become a component part of the general mass of property in the state—as when the original package has been broken up for use or for retail by the importer, and also when the commodity has passed from his hands into the hands of a purchaser—it has then lost its distinctive character as an import and has become subject to the laws of the state. *Brown* v. *Maryland,* 12 Wheat., 419. License Cases, 5 How., 574. To the same effect is *Pierce* v. *State,* 13 N. H., 536, 581, and *State* v. *Robinson,* 49 Maine, 285.

A sale in the original package only, being authorized by the federal statute, the breaking and selling in a less quantity is without that authority, and is within the prohibition of the state law; and a fixed intent that the package shall be broken and sold must place the liquors in the same category. It would hardly be considered reasonable that the federal law should protect property until an actual unauthorized sale were completed, when the intent to make such a sale is avowed. Such "aid and comfort" to violators of the internal regulations of a state is not within the spirit of the regulations of foreign commerce. *Fisher* v. *McGirr,* 1 Gray, 1, 26, 27.

We do not perceive any material difference in the two rulings made at *nisi prius.* The intent to break and sell is the same in each—a customer only being wanted in each. Whether a purchaser ever calls or not is immaterial—the intent to sell whenever an opportunity occurs being the material fact which works the forfeiture.                          *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.